UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LODI, CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. CIV. S-98-1489 FCD JFM<br><br>**ORDER AND JUDGMENT**<br><br>. |

**WHEREAS:**

　　　　1.　　Fireman's Fund Insurance Company ("Fireman's Fund") brought this suit challenging the City of Lodi's Comprehensive Municipal Environmental Response and Liability Ordinance ("MERLO"), and its alleged selective enforcement, on federal and state preemption and other grounds.

　　　　2.　　The Ninth Circuit decision in *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 947-52 (9th Cir. 2002), *cert. denied*, 538 U.S. 961 (2003), and this Court's decision on remand, *Fireman's Fund Ins. Co. v. City of Lodi*, 296 F. Supp. 2d 1197, 1206-07 (E. D. Cal. 2003) (as modified on November 17, 2004) resolved Fireman's Fund's first claim and some or all of its second claim for relief, based on whether or not there was preemption by the federal

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the California Hazardous Substances Account Act ("HSAA") or by California Insurance Code § 11580.  *See* Complaint ¶¶ 43-84.

3. On May 5, 2004, the California Court of Appeal held in *City of Lodi v. Randtron*, 118 Cal. App. 4th 337 (2004) that MERLO in its entirety is preempted by HSAA and is invalid.

4. The parties acknowledge and agree that the opinion in *Randtron* is binding on the City of Lodi.

5. Firemen's Fund has agreed to settle its claim for attorneys' fees and costs against the City of Lodi arising from work on this case for one million dollars ($1,000,000.00).

**NOW THEREFORE, IT IS ORDERED:**

6. All of Fireman's Fund's remaining claims are dismissed as moot.

7. This Order and the Permanent Injunction entered by this Court on December 22, 2003, and modified by Stipulation and Order dated November 17, 2004, shall be entered by the Clerk as the Final Judgment in this action.

8. This Court shall retain jurisdiction over the case and the parties to enforce the Permanent Injunction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  DATED: October 31, 2005

2

3                                              BINGHAM McCUTCHEN LLP

4

5

                                               By:            /s/
6                                                       Terry J. Houlihan
                                                       Attorneys for Plaintiff
7                                                   FIREMAN'S FUND INSURANCE
                                                              COMPANY
8

9  DATED: October 21, 2005

10                                             FOLGER LEVIN & KAHN LLP

11

12
                                               By:         Gregory Call
13                                                         Gregory Call
                                                       Attorneys for Defendant
14                                                         CITY OF LODI

15

16  PURSUANT TO STIPULATION, IT IS SO ORDERED:

17

18  DATED: November 8, 2005          /s/Frank C. Damrell, Jr.
                                     Honorable Frank C. Damrell, Jr.
19                                   United States District Court Judge

20

21

22

23

24

25

26